[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13199
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 29, 2011
JOHN LEY
CLERK

Agency No. A077-246-387

NATALIA ALEXEEVA KAZAKOVA,
a.k.a. Natalja Kazakova,
MAXIM KALIOUJNYI,
a.k.a. Maxim Vladimirov Kalioujnyi,
IRINA S. KAZAKOVA,

                                                                      Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 29, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Natalia Kazakova, a native and citizen of Estonia, seeks review of the Board of Immigration Appeals's ("BIA") order reversing the Immigration Judge's ("IJ") grant of asylum. Kazakova argues on appeal that she and her family experienced past persecution on account of their Russian heritage, and that the BIA impermissibly engaged in de novo fact finding. After thorough review, we deny the petition.

We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). We review questions of law de novo, with appropriate deference to the BIA's reasonable interpretations of the Immigration and Nationality Act ("INA"). Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1326 (11th Cir. 2003). We defer to the agency's "interpretation of its own regulations unless that interpretation is plainly erroneous or inconsistent with the regulation." Id. (quotation omitted). We review the BIA's factual determinations under the substantial evidence test. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817-18 (11th Cir. 2004). Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). We will not reverse a factual determination unless "the record compels a reversal; the

mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Whether an alien has proved persecution is a factual determination that we review under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001).

Under 8 C.F.R. § 1003.1(d)(3)(i), the BIA shall not "engage in de novo review of findings of fact determined by an immigration judge." 8 C.F.R. § 1003.1(d)(3)(i). The BIA may only review the IJ's factual determinations to assess whether those determinations were clearly erroneous. Id. Furthermore, except for taking administrative notice of commonly known facts, the BIA is not permitted to engage in factfinding in the course of deciding appeals. Id. § 1003.1(d)(3)(iv). However, the BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." Id. § 1003.1(d)(3)(ii). The BIA reviews de novo whether the established facts amount to past persecution or a well-founded fear of persecution. Matter of A-S-B-, 24 I.&N. Dec. 493, 496 (BIA 2008). In determining whether established facts are sufficient to meet a legal standard, the BIA "is entitled to weigh the evidence in a manner different from that accorded by the [IJ], or to conclude that the foundation for the [IJ's] legal conclusions was insufficient or otherwise not supported by the evidence of record." Id. at 497.

3

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground, or (2) a "well-founded fear" that the statutorily protected ground will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. An applicant for asylum who has established past persecution on a protected ground is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. § 208.13(b)(1).

If the alien "cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). "The subjective component can be proved by the applicant's credible testimony that he or she genuinely fears persecution, while the objective component can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (citation and internal quotations omitted).

The term persecution is not defined in the INA or accompanying federal regulations, but we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237 (11th Cir. 2006) (quotation omitted). We have

4

held that "[m]inor physical abuse" does not amount to persecution. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009). However, we also have rejected a rigid physical injury requirement, noting that we will consider the cumulative impact of mistreatment, which considered alone, may not amount to persecution. De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1008 (11th Cir. 2008). "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerrillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz, 440 F.3d at 1258. In addition, "employment discrimination which stops short of depriving an individual of a means of earning a living does not constitute persecution." Barreto-Claro v. U.S. Att'y Gen., 275 F.3d 1334, 1340 (11th Cir. 2001) (holding that, although petitioner suffered employment discrimination, lost his job as a taxi driver, and was forced to take menial work, he was not persecuted).

In this case, the BIA considered the evidence submitted in support of Kazakova's asylum application and found that she had failed to present facts that legally amounted to past persecution or a well-founded fear of future persecution. As the record shows, the BIA did not engage in factfinding but, rather, considered de novo whether the facts in the record, including those incidents alleged in Kazakova's

5

credible testimony, amounted to persecution on account of a protect ground, which was within its purview to do. 8 C.F.R. § 1003.1(d)(3)(ii); Matter of A-S-B-, 24 I.&N. Dec. at 496. In addition, the BIA was entitled to re-weigh the evidence as it did, to conclude that Kazakova's evidence was insufficient to meet her burden of proof to establish a fear of future persecution. Matter of A-S-B-, 24 I.&N. Dec. at 497. Thus, the importance that the BIA placed on portions of a professor's testimony over others was not impermissible "cherry picking" of facts by the BIA, and the BIA did not err in its de novo consideration of whether Kazakova's evidence met the legal standard of persecution.

Furthermore, substantial evidence supports the BIA's determination that Kazakova failed to establish past persecution. Specifically, with regard to the attack on her husband on the street and the attack on her daughter by classmates, the record does not demonstrate that these incidents were more than isolated acts and, therefore, did not rise to the level of persecution. See Silva, 448 F.3d at 1237. The attacks, while reprehensible, also were not as severe as other instances of oppressive acts that we have held to constitute persecution. See Mejia v. Att'y Gen., 498 F.3d 1253, 1257-58 (11th Cir. 2007) (holding that threats and attempted attacks over an 18-month period, culminating in an attack at gunpoint during which FARC members threatened the petitioner and broke his nose with the butt of a rifle, constituted

6

persecution); Niftaliev v. Att'y Gen., 504 F.3d 1211, 1217 (11th Cir. 2007) (holding that numerous beatings, arrests, searches and interrogations, culminating in a 15-day detention, cumulatively constituted past persecution); see also Kazemzadeh, 577 F.3d at 1353 (stating that minor physical abuse does not amount to persecution). In addition, the record indicates that these attacks were private acts of violence, which generally do not amount to persecution. See Ruiz, 440 F.3d at 1258. Similarly, although Kazakova could not find employment as a fashion designer, she was able to find other work, such that the alleged employment discrimination did not constitute persecution. See Barreto-Claro, 275 F.3d at 1340. Accordingly, taking Kazakova's allegations in the aggregate, substantial evidence supported the BIA's determination that the petitioners had not demonstrated past persecution.

Likewise, Kazakova did not sufficiently establish a well-founded fear of future persecution. Kazakova left Estonia in 1999. The government offered evidence from the 2008 Country Report, which indicated that there was no pattern of human rights abuses against ethnic Russians in Estonia, and that acts of violence between the ethnic groups were infrequent. Since the BIA was entitled to rely heavily on the country report, the evidence does not compel a reversal of the BIA's decision that Kazakova did not establish a well-founded fear of future persecution. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1175 (11th Cir. 2008) (holding that the BIA is

entitled to rely heavily on country reports, and that the substantial evidence test does not allow us to reweigh the importance to be placed on a particular country report). All told, the record does not compel the conclusion that Kazakova demonstrated past persecution or a well-founded fear of future persecution.

**PETITION DENIED.**